IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EDWARD CALHOUN, JR., § | |
| (TDCJ # 1108281) § | |
| VS. § | CIVIL ACTION NO.4:06-CV-178-Y |
| § | |
| § | |
| PRISCELLA MILES, Warden, § | |
| Bridgeport Unit, et al. § | |

OPINION and ORDER OF PARTIAL DISMISSAL UNDER
28 U.S.C. § 1915A(b)(1) and UNDER 28 U.S.C. § 1915(e)(2)(b)

On March 21, 2006, plaintiff Edward Calhoun Jr. was permitted to proceed in the above-styled and numbered cause pursuant to 28 U.S.C. § 1915 by the magistrate judge, and he was ordered to pay the full filing fee required by the Prison Litigation Reform Act (PLRA). His form complaint under 42 U.S.C. § 1983 in this action lists as defendants Priscella Miles, Warden, Bridgeport unit; Jerry Beck, Maintenance Supervisor, Bridgeport unit; and Reed Smith, Director of Operations, Global Expertise Outsourcing (G.E.O.). (Compl. Style; § IV(B).) He has named the defendants in both an individual and an official capacity. Calhoun complains that on December 7, 2005, an icestorm dropped outside temperatures into the single digits, resulting in a pipe's bursting in the wall, and the loss of heat to his assigned cell. Calhoun alleges that his cell was exposed to two outside walls and thus, without heat, was very cold. He also asserts that it remained cold in his cell and in the "day-room" for several days as the outside temperature remained in the teens. Calhoun complains that both Miles and Beck were

personally aware of the cold temperatures and that the heating units were inoperable in several of the pods and cells and failed to remedy or protect him and other inmates from exposure to the cold. (Compl. § V; attachment pages.) He alleges that G.E.O. Director of Operations Reed Smith is responsible for the actions of the employees at the Bridgeport facility, and knew or should have known of the conditions of the facilities he is responsible for. Calhoun seeks damages for his pain and suffering. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

2

that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Calhoun's claims as asserted in this form complaint, the Court concludes that some of them must be dismissed under the authority of these provisions.

In the first instance, the Court observes that liability under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility.[6] Although plaintiff Calhoun has named G.E.O. official Reed Smith, he has not made specific allegations that defendant Smith was directly involved or participated in the alleged events. Rather, Calhoun appears to have named Smith purely because of his role as Director of Operations for G.E.O., the private corporation that operates the Bridgeport facility. But § 1983 does not authorize supervisory liability based on *respondeat superior* or any theory of vicarious liability.[7] Thus, the Court concludes that Plaintiff's claims

---

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6]*See Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986); *Wanger v. Bonner,* 621 F.2d 675, 679 (5th Cir. 1980); *Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir. 1979).

[7]*See Alton v. Texas A&M Univ.,* 168 F.3d 196, 200 (5th Cir. 1999)("Only the direct acts of omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983"); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987) ("Under section 1983,

3

against Reed Smith must be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Calhoun has also named the defendants in an official capacity. But a suit against an individual employee of a private corporation in an "official capacity" is essentially a suit against the corporation.[8] In *Monell v. New York City Department of Social Services,* the Supreme Court emphasized that a local government entity could not be liable under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort."[9] Although G.E.O. is a private corporation, because the operation of a prison is a fundamental government function, G.E.O. may be sued under 42 U.S.C. § 1983 for alleged constitutional injury.[10] Thus, the standards applicable to determining liability under § 1983 against a municipal corporation are applicable to determining the liability of a private corporation, here G.E.O.,

---

supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.")(citations omitted).

[8]*See Patton v. United Parcel Service, et al.* 910 F.Supp. 1250, 1269 (S.D.Tex. 1995).

[9]*Monell v. New York City Dept.of Social Services*, 436 U.S. 658, 691 (1978); *see generally City of Canton v. Harris,* 489 U.S. 378, 385 (1989)(noting that § 1983 liability attaches "only where the municipality *itself* causes the constitutional violation at issue")(emphasis in original).

[10]*See Rosborough v. Management & Training Corp.,* 350 F.3d 459, 461 (5th Cir. 2003)("We agree with the Sixth Circuit and with those district courts that have found that private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury.").

performing a government function.[11]

The overarching principle for municipal or corporate liability under 42 U.S.C. § 1983 is that an entity is not responsible for actions that might be attributed to it under principles of *respondeat superior.*[12] Thus, because Calhoun claims liability against G.E.O. based only upon the actions of its employees, any such claim fails as a matter of law.[13] The official-capacity claims must therefore be dismissed under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Therefore, all claims against Reed Smith, and all claims against the defendants in an official capacity, are DISMISSED WITH

---

[11] *See Eldridge v. CCA Dawson State Jail*, No.3:04-CV-1312-M, 2004 WL 1873035, at *2 (N.D.Tex. Aug. 19,2004)(noting that the five circuits that have addressed the issue have extended *Monell* to private corporations), *findings and recommendation adopted,* 2004 WL 2075423 (N.D.Tex. Sep. 16, 2004); see generally *Brown v. District of Columbia,* 2005 WL 3276267 (D.C. D.C. Aug. 2, 2005)(noting that when a private corporation is acting under contract with the District of Columbia government to operate a correctional institution, Section 1983 liability depends on the plaintiff's ability to allege that his injury is the result of a "custom or policy" of the private corporation).

[12] *Monell,* 436 U.S. at 691; *see generally City of Canton v. Harris*, 489 U.S. 378, 385 (1989)(noting that § 1983 liability attaches "only where the municipality *itself* causes the constitutional violation at issue")(emphasis in original).

[13] *See Piotrowski v. City of Houston,* 237 F.3d 567, 578*, reh'g en banc den'd,* 251 F.3d 159 (5th Cir.), *cert. den'd,* 534 U.S. 820 (2001).

5

PREJUDICE pursuant to 28 U.S.C. § 1915A (b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED August 22, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE